The People of Puerto Rico, Plaintiff and Appellee, *v.* Pedro de Jesús Torres, Defendant and Appellant.

No. 10929.  Argued February 8, 1946.—Decided April 24, 1946.

*Antonio L. López* and *Federico E. Virella* for appellant.  *E. Campos del Toro, Attorney General, L. Negrón Fernández, Assistant Attorney General,* and *J. Rivera Barreras,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

A complaint was filed in the Municipal Court of Caguas against the defendant for the crime of carrying weapons.  It alleges, in brief, that on January 6, 1943, at five o'clock in the afternoon, in the ward of Anón, Caguas, the defendant was carrying on his person, for the purpose of offense and defense, a knife made out of a dagger, about eight inches long, curved, like those used in rice fields, with a wooden handle, it being a deadly weapon with which the defendant caused serious bodily injury to Julio Torres, and which weapon was carried by the defendant without being in the exercise or about to exercise any sport, occupation, or trade.

He was found guilty in the municipal court and, feeling aggrieved by that decision, he appealed to the district court where a trial *de novo* was had and a judgment of conviction rendered from which he has taken the present appeal.  He

alleges that the lower court erred in deciding that the weapon carried by defendant was one of those enumerated in the Act prohibiting the carrying of arms; in deciding that according to the complaint and the evidence the defendant was guilty; in finding the defendant guilty despite the fact that the weapon seized was not identified or offered in evidence, and that the lower court acted with prejudice, passion, and partiality.

Section 1 of the Act to prohibit the carrying of arms enacted in 1924 provides "That any person unlawfully carrying any arm or instrument with which bodily injury may be caused, shall be punished by imprisonment for a term of from one to six months." Subdivision one of § 5 of that same Act, in enumerating the cases when the Act shall not be applicable, provides:

"That the provisions of this Act shall not be applicable—1. To the carrying of implements, tools and instruments pertaining to the arts, professions, trades, and occupations or sports when carried by reason or on occasion thereof."

Appellant contends that a knife for cutting rice is not one of the weapons mentioned in the Act. He is mistaken.

In *People* v. *González,* 40 P.R.R. 67 it was held, copying from the syllabus, that "Where in a prosecution for carrying a weapon—a *machete*—the evidence shows that the accused, both at the time the weapon was taken from him and when going over to the house of another person and fighting with such person, was outside his own premises, the proof sustains the charge within the intendment of the statute." And on page 69 we said:

"Surely it will not occur to anybody to bring a criminal complaint against a farmer, who peacefully crosses, or travels along, a public highway in the regular and ordinary course of his work carrying an instrument of labor; but if such farmer carries the instrument for purposes of offense, the instrument is a weapon within the statute, and, since he is found outside his own house or farm, his liability is clear."

This case was distinguished from *People* v. *Segarra,* 36 P.R.R. 103, where it was decided that the illegal use of a *machete* within his premises while carrying it in pursuit of his regular business did not make the defendant guilty of carrying a prohibited weapon.

Similarly in *People* v. *Ríos,* 41 P.R.R. 759, we held that "A kitchen knife, according to the manner in which it is carried, may be one of the weapons or instruments with which bodily injury may be caused and the carrying of which is prohibited by law."

In the case at bar the evidence shows that the incident took place on a holiday, the sixth of January; that the defendant was not working but that upon reaching the place of the occurrence on the road he joined a fight and with a "curved" knife of about eight inches long which he was carrying, he wounded Julio Torres; that said knife was one of those used for cutting rice and was made out of a piece of a cutter or dagger. The fact that the witnesses did not exactly specify the length of the blade of the knife makes no difference inasmuch as it was not a penknife or a folding pocketknife. *People* v. *González,* 36 P.R.R. 47.

The first two errors assigned were not committed and neither was the third, for, as we have repeatedly held, in a prosecution of this kind it is not an indispensable requisite to present the weapon in evidence where the court is convinced by the evidence that the defendant was actually and illegally carrying a weapon. *People* v. *Carrillo,* 51 P.R.R. 353. The last assignment has not been argued by the appellant and, therefore, we will not consider it. *People* v. *Soto,* 40 P.R.R. 390.

The judgment appealed from must be affirmed.